### *SILAS VAN HAYES, EX'R, v. WARREN WEST.

REMAINDERMAN CANNOT REVOVER RENTS.

> In March a tenant for life rented to "H." for $300 a farm, upon which to raise a crop of corn, and died in July. In November, when the crop was gathered, the cropper paid the rent to the executor of the life-tenant. The tenant in reversion brought suit to recover a proportionate share of the rent, as so much money paid for his use to the executor. Held, that he was not entitled to recover any portion of it.

ERROR to the Court of Common Pleas of Hamilton county.

Sarah E. Hayes, being a tenant for life of certain real estate, in January, 1885, rented the same to one Moses D. Hayes, for the sum of $300, to raise thereon a crop of corn. After the corn was planted and cultivated, in July, 1885, Mrs. Hayes died. When the crop matured, Moses D. Hayes gathered it, and paid the amount of the rent to Mrs. Hayes' executor. Warren West, the tenant in reversion of a portion of the estate, brings his suit to recover $130 of the $300 from the executor, as having been received for his benefit.

Sayler & Sayler, for plaintiff in error, cited: 3 Chase St., p. 1780; sec. 26, act of 1830; Rev. Stat. of Ohio, secs. 6026, 6027; Cassilly v. Rhodes, 12 O., 88, 96; Foster v. Robinson, 6 O. S., 90; Albin v. Riegel, 40 O. S., 339; Kelley v. Todd, 1 W. Va., 197, 201; 2 Taylor Landlord & Tenant, sec. 534, and note 2, sec. 535, sec. 542; Woodfall's Landlord and Tenant, 721, 722, 723, 724; Woods. Landlord & Tenant, 971; 3 Kent's Commentaries, 374; 1 Hill's Abridgement, 154, sec. 41; Perry v. Aldrich, 13 N. H., 346; Brundnell v. Roberts, 2 Wils R., 143; Hammond on Parties, 152; 1 Chitty's Pleading, 14; James v. Morgan, 1 P. Wms., 392; 1 Washburn on Real Property (5th ed.) top p. 138, sec. 32; Williams v. Caston, 1 Strobhart, 13; Williams on Real Property (5th ed.), pp. 26, 27, 28; 3 Rev. Stat. N. Y., 2302, chap. 542; Irving, ex'r, etc., v. Rankine, adm'r, etc., 13 Hun., 147.

W. S. Little for defendant in error, cited: Williams on Real Property, 28; 1 Washburn on Real Estate, 113, sec. 31; Shoffen v. Wentworth, 1 P. Wms., 180; Rocinham v. Penrice, Id. 178; Norris v. Harrison, 2 Mad., 268; William's Ex'rs, 709; Furlough's Landlord & Tenant, 396, sec. 14; Cale v. Patterson, 25 Wend., 456; O'Bannon v. Roberts, 2 Dana. 54; Dixon v. Niccolls, 39 Ill., 372; Robert's App., 41 Pa. St., 45; King v. Anderson, 20 Ind., 385; Mills v. Merryman, 49 Me., 65; 22 Wend., 121; 22 Pick., 509; 13 Ill., 625; Taylor on Landlord & Tenant, 296, sec. 383; Price v. Pickett, 21 Ala., 741; 7 B. Mon., 21; 3 Kent. Commentaries, 580; Williamson v. Richardson, 6 Mon., 603.

BY THE COURT, (Cox, J.)

It is admitted that if Mrs. Hayes had herself planted and cultivated the crop, she or her executor would have been entitled to gather it without any liability to West, or any other owner of the reversion. But it is contended that inasmuch as the land was rented for money rent, although for the express purpose of raising thereon a crop of corn, the rent should be divided proportionately between the executor of the tenant for life and the reversioner. By the common law, when the tenant for life died during the term of the renting, neither party could recover

---

* This case was cited by the common pleas in Dye v. Dimick, 6 Ohio Dec., 231, 232.

any portion of the rent.   This has since been changed in England and some of the states by statute, so that the rent is apportioned among such claimants.   But we have no statute in Ohio on the subject, and if we were to hold as by the common law, the tenant would not be liable to either party, and neither could recover from him any part of the rent by an action.   Applying the rule of the common law (and we know of no other here), neither the executor, nor West could have recovered any portion of the rent from Moses Hayes.   But as Moses Hayes voluntarily paid it to the executor, it is in his hands as if it were in the hands of Moses, and the delivery of it to the executor was without any intention, so far as appears, to give West or any other party an interest.

The judgment will therefore be reversed, and judgment rendered here for the defendant.

Sayler & Sayler and A. Brower, for plaintiff.

W. S. Little, for defendant.